COURT OF APPEALS
DECISION
DATED AND FILED

April 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP982-CR**

Cir. Ct. No.  **2015CF2861**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

QUAID Q. BELK,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  M. JOSEPH DONALD, Judge.  *Judgment affirmed in part; order affirmed in part, reversed in part, and cause remanded with directions.*

Before Brash, P.J., Blanchard and Dugan, JJ.

¶1    BRASH, P.J.  Quaid Q. Belk appeals from his judgment of conviction and an order denying his motion for postconviction relief.  Belk was convicted on several counts relating to an automobile accident caused by Belk's

intoxicated use of a vehicle, which killed one victim and injured another. Those counts were hit and run causing death; hit and run causing great bodily harm;[1] homicide by intoxicated use of a vehicle; injury by intoxicated use of a vehicle; second-degree reckless homicide; and second-degree reckless injury.

¶2     In his postconviction motion, Belk asserted several claims of ineffective assistance of counsel, including that his trial counsel failed to call a witness to the crash who would have testified that Belk was not trying to flee the scene of the accident. We conclude that Belk's motion is sufficient to entitle him to a postconviction evidentiary hearing on that claim as it relates to the two counts of hit and run causing death and great bodily harm. We therefore reverse the trial court's order denying a hearing on that claim.

¶3     However, Belk's other ineffective assistance claims—which would have an effect on the other four counts for which he was convicted—were not sufficiently pled in his postconviction motion to warrant the grant of an evidentiary hearing. Therefore, we affirm the trial court's order denying an evidentiary hearing on those claims. We also affirm Belk's judgment of conviction for the remaining four counts.

---

[1] The Third Amended Information refers to this count in accordance with the language of WIS. STAT. § 346.67 (2015-16): "[d]uty upon striking person or attended or occupied vehicle." The same statute is referenced in the count charging "hit and run—resulting in death"; it is not clear why different language was used for the two counts. Additionally, in its decision denying Belk's postconviction motion, the trial court used the "hit and run" language to describe both counts. For purposes of consistency, we use the "hit and run" language throughout this opinion with regard to both counts.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

**BACKGROUND**

¶4    The accident from which the charges against Belk originated occurred in June 2015.  Officer Michael Michalski of the Milwaukee Police Department, who was on routine patrol that night, observed a Chevrolet Monte Carlo traveling at a high rate of speed—estimated at seventy miles per hour—down North 27th Street.  Officer Michalski then observed, through his rearview mirror, the Monte Carlo crash into another vehicle.  Officer Michalski immediately went to the location of the crash.

¶5    Officer Michalski stated that he observed the driver of the Monte Carlo—later identified as Belk—run from his vehicle to a residence on 27th Street.  The officer believed that Belk was attempting to conceal himself on the front porch of that residence, but then ran from the porch when the owner of the house, Reginald Alston, came out onto the porch with his dog.  At that point, Officer Michalski took Belk into custody.

¶6    From his observations of Belk, Officer Michalski believed that Belk was intoxicated: his eyes were glassy, and there was an odor of alcohol on his breath.  A preliminary breath test indicated that Belk had a blood alcohol content of 0.117.

¶7    In the meantime, other officers who had responded to the accident found two people in the car that Belk had crashed into with his Monte Carlo.  The driver, Deon Maurice Jenkins, was trapped in the vehicle and was unresponsive.  He was transferred to a hospital where he later died from his injuries.  The passenger in the vehicle, M.B., was also transferred to the hospital for treatment of her injuries, which included eleven broken ribs and a broken pelvis.

¶8      The matter proceeded to trial in March 2017, where a jury convicted Belk of the six counts listed above. His sentences for the two hit and run counts consist of consecutive prison terms totaling twenty years of initial confinement and fifteen years of extended supervision; his sentences for the other counts were imposed to run concurrently to those sentences for the hit and run counts.

¶9      Belk filed a postconviction motion in November 2018 on the grounds that he received ineffective assistance of counsel in multiple respects. Belk's first claim alleged that trial counsel had failed to investigate or interview Alston as a potential witness for the defense. He attached an affidavit by Alston, in which Alston stated that he had witnessed the accident from his porch. Alston noted that he had seen Belk speak with M.B. for ten to fifteen seconds after he had exited his vehicle. Furthermore, Alston averred that he believed Belk had come up on his porch to seek help, and that he was not trying to hide. Additionally, Alston stated that he had to help Belk walk down the porch stairs to where the police were waiting to take him into custody. Belk contends that this testimony could have altered the jury's findings specifically with regard to the hit and run charges.

¶10    Belk's other claims of ineffective assistance of counsel included: failing to follow through with a motion to suppress custodial statements made by Belk, which was filed by previous trial counsel; inadequately cross-examining the State's witnesses, which "prohibited the development of a possible affirmative defense," as well as a failure to challenge the testimony of the State's experts; failure to call any witnesses for the defense to challenge the State's case, resulting in a complete failure to present a defense; and giving a deficient closing statement, in that it revealed that counsel had no cogent defense theory.

4

¶11    Based on his allegations, Belk sought a new trial, or minimally a postconviction evidentiary hearing.  Belk simultaneously filed a motion for resentencing on the grounds that Alston's affidavit was a new factor that warranted sentence modification.[2]

¶12    The trial court rejected all of Belk's claims.  The court found that trial counsel's failure to investigate Alston as a potential witness had not prejudiced Belk's defense; the court deemed the other witnesses at the accident scene—particularly, the police officers and M.B.—to be credible, and thus found that there was not a reasonable probability that Alston's testimony would have altered the outcome of the trial.  The court found Belk's other claims to be conclusory and therefore insufficient to warrant relief.  The court also denied Belk's motion for resentencing, holding that Alston's affidavit did not prove that Belk was sentenced based on inaccurate information.

¶13    Therefore, the trial court denied Belk's postconviction motion in its entirety, without a hearing.[3]  This appeal follows.

---

[2] We note that postconviction counsel conflates the terms "resentencing" and "sentence modification," which are "distinctly different concepts."  *See* ***State v. Wood***, 2007 WI App 190, ¶9, 305 Wis. 2d 133, 738 N.W.2d 81.  Sentence modification may be granted if a defendant can show that there is a new factor that could affect the sentence that was imposed, *see* ***State v. Harbor***, 2011 WI 28, ¶33, 333 Wis. 2d 53, 797 N.W.2d 828, whereas a defendant may be entitled to resentencing if the original sentence was invalid, *see* ***Wood***, 305 Wis. 2d 133, ¶9, such as in cases where the sentencing court relied on inaccurate information, *see* ***State v. Tiepelman***, 2006 WI 66, ¶31, 291 Wis. 2d 179, 717 N.W.2d 1.

[3] We further note that simultaneously to his postconviction motion, Belk filed a motion for resentencing based on Alston's affidavit.  The trial court denied that motion as well, on the ground that Alston's affidavit did not support a finding that Belk's sentence was based on inaccurate information.

## DISCUSSION

¶14    We begin by reviewing Belk's first claim of ineffective assistance of counsel relating to the failure to investigate Alston as a potential defense witness. To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). Furthermore, a claim of ineffective assistance requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." ***State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

¶15    However, a defendant is not automatically entitled to a ***Machner*** hearing. ***State v. Bentley***, 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996). Rather, the postconviction court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Allen***, 2014 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. This is a question of law that we review *de novo*. ***Id.***

¶16    If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. ***Id.*** We will uphold such a discretionary decision if the trial court "has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." ***Bentley***, 201 Wis. 2d at 318.

¶17    Belk asserts that his trial counsel was ineffective in failing to investigate Alston as a witness, and that his defense was prejudiced because Alston's testimony was material to the defense of the hit and run charges against

6

him. Those charges were based on the requirements set forth in WIS. STAT. § 346.67, which imposes certain duties on drivers involved in an accident with a person or another vehicle. Those duties include staying at the scene and rendering assistance to anyone who was injured. Sec. 346.67(1).

¶18 The charges against Belk regarding that statute were based on the statements of Officer Michalski regarding his observations at the scene of the accident, which he testified to at trial. Specifically, the officer stated that he saw Belk standing outside of his Monte Carlo after the crash, and that Belk "look[ed] directly at officers and then [took] off running." Officer Michalski further stated that Belk was attempting to conceal himself on Alston's front porch, and that when Officer Michalski approached the porch, Belk "g[o]t up from his hiding position" and attempted to "run off the porch." Additionally, Officer Michalski's partner, who was in the squad car with Officer Michalski at the time of the crash, testified to essentially the same facts.

¶19 The scenario provided by the officers is different from the version of events that Alston provides in his affidavit. For example, Alston stated that after the crash, he saw Belk climb out of the driver's side window of the Monte Carlo and fall into the street. He noted that Belk was bleeding from his head and appeared disoriented. He also saw M.B. climb from the other vehicle and fall into the street, after which he saw Belk speak to M.B. for "about 10 to 15 seconds" before Belk approached Alston's porch.

¶20 Alston then explained that he spoke to Belk as he came onto his porch, telling Belk to "calm down" because he appeared "scared and out of it." Alston stated that Belk was not trying to hide on the porch; instead, Alston believes Belk was trying to get help. Furthermore, when the police approached

7

the porch and ordered Belk to come down, Alston stated that he had to help Belk walk down the stairs.

¶21 Additionally, Alston states in his affidavit that trial counsel never contacted him to discuss the accident. In fact, Alston notes that the State asked him to appear at trial—and he sat outside the courtroom every day of the trial—but he was never called as a witness.

¶22 A postconviction motion that has pled sufficient material facts to entitle a defendant relief will generally include "the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." *Allen*, 274 Wis. 2d 568, ¶23. Belk's postconviction motion, with Alston's affidavit attached, includes this requisite information: that Alston would testify to his observations of the accident and—more importantly—of Belk's conduct after the accident, which would support Belk's defense theory that he was not attempting to flee the scene of the accident. Although much of the testimony in Alston's affidavit conflicts with much of the testimony of the officers who were at the scene, as well as M.B.'s testimony—she stated that Belk never came to check on her after the crash—Alston's credibility "would have been a factor for the jury to consider.... The jury would have had to determine the weight and credibility to assign" to each witness's testimony. *See State v. Jenkins*, 2014 WI 59, ¶65, 355 Wis. 2d 180, 848 N.W.2d 786 (citation omitted; ellipses in *Jenkins*).

¶23 Therefore, we conclude that Belk has sufficiently pled his ineffective assistance claim relating to his trial counsel's failure to investigate and potentially call Alston as a witness to defend the charges regarding Belk's failure to comply with WIS. STAT. § 346.67. *See Allen*, 274 Wis. 2d 568, ¶23. Accordingly, Belk is

entitled to a *Machner* hearing regarding that claim as it relates to his convictions for two counts of hit and run. *See Allen*, 274 Wis. 2d 568, ¶9.

¶24    However, with regard to Belk's other ineffective assistance claims—which relate to his convictions on the four other counts—we agree with the trial court that Belk has not met his burden of pleading sufficient facts. For example, with regard to his motion to suppress his custodial statements, Belk asserts that his trial counsel was ineffective for failing to pursue the motion, which was filed by previous counsel; however, he provides no facts pertaining to the custodial statements challenged in that motion to suppress.

¶25    Likewise, Belk's claims that trial counsel failed to adequately cross-examine the State's witnesses and challenge the State's expert witnesses were also insufficiently pled. Belk does not specify with particularity what he believes counsel should have asked those witnesses; rather he merely states that counsel failed to "meaningfully test" the State's case. Thus, these claims are wholly conclusory. Belk's claim that trial counsel failed to call any defense witnesses is similarly conclusory in nature. Belk fails to specify any defense witnesses—other than Alston—whom Belk believes should have been called.

¶26    In the same vein, Belk's claim that trial counsel's closing argument was deficient is also insufficient. This claim centers around counsel's comments regarding whether DNA testing was done on Belk's Monte Carlo, inferring that the testing may have shown that Belk was not in that vehicle at the time of the crash. However, there was no evidence ever presented during trial regarding DNA testing, and further, this defense was never pursued during the trial. Thus, Belk contends the closing argument was deficient. However, this comment was only one small portion of the closing argument. Moreover, Belk does not explain how

that renders the entire closing argument deficient, nor does he provide facts and evidence that should have been included in the closing.

¶27    In short, Belk's ineffective assistance claims—other than the claim involving Alston—fail to allege "the five 'w's' and one 'h'" that are indicative of a sufficiently pled motion. *See id.*, ¶23.    Rather, Belk has presented only conclusory allegations in these claims.    Therefore, the trial court did not erroneously exercise its discretion in denying a *Machner* hearing on these claims. *See Allen*, 274 Wis. 2d 568, ¶9.

¶28    Accordingly, we reverse the trial court's denial of a hearing on Belk's ineffective assistance claim regarding trial counsel's failure to call Alston as a witness, and remand this matter for a *Machner* hearing on that claim as it relates to Belk's hit and run convictions pursuant to WIS. STAT. § 346.67.    We emphasize that we are making no determination as to whether trial counsel was ineffective for failing to call Alston; rather, we are only concluding that Belk's postconviction motion was sufficient to entitle him to a *Machner* hearing on this claim, at which time the trial court can engage in a *Strickland* analysis of the claim.[4]

¶29    As to Belk's other ineffective assistance claims, we affirm the order of the trial court denying these claims without a hearing, and we affirm Belk's judgment of conviction regarding the other counts for which he was convicted.

---

[4] The outcome of the *Machner* hearing may require reassessment by the trial court of Belk's motion for resentencing, as that motion is also based on Alston's affidavit.

*By the Court.*—Judgment affirmed in part; order affirmed in part, reversed in part, and cause remanded with directions.

Not recommended for publication in the official reports.